CHIASSON, Judge.
This is an appeal of a judgment of the District Court sustaining the Teachers’ Retirement System of Louisiana and the Board of Directors of the Teachers’ Retirement System of Louisiana’s, defendant-ap-pellees, peremptory exception of no cause of action.
This action was brought by Faye James, Celeste Partain, Judy Conaway, Eloise Bridgman, Charles Heslin and Lee Roy Ou-bre, plaintiff-appellants, to obtain a declaratory judgment and other appropriate relief. In their petition, the appellants alleged: that prior to 1971, they were em *450 ployed in various capacities by the Orleans Parish School Board and were members of the Orleans Parish Teachers’ Retirement System; that in 1971 the Orleans Parish Teachers’ Retirement System was merged into the State Teachers’ Retirement System; that prior to the merger, the Orleans Parish Teachers’ Retirement System adopted a rule, policy or procedure, whereby anyone who had served in a temporary capacity would be granted up to two years free service credit; that many persons were given such credit; that the appellants were not informed of their rights to this credit; that the appellants are entitled to such credit; and, that the appellees, successors to the Orleans Parish Teachers’ Retirement System, have arbitrarily and unjustly refused to give the appellants such credit.
The appellees, in their peremptory exception, contended that the appellants’ petition stated no cause of action because under the act which merged the retirement systems, Act 3 of 1971, the only service credits to be credited to members of the Orleans Parish Teachers’ Retirement System were those credited on or before the date of the merger and that the Teachers’ Retirement System of Louisiana was not bound by any rule, policy or procedure, that may have been adopted by the Orleans Parish Teachers’ Retirement System as to the granting of free service credits to persons who had served in a temporary capacity.
Act 3 of 1971, provides.in part that: “The Board of Directors of the State Teachers’ Retirement System shall be the successor in every way to the Orleans Parish Teachers’ Retirement System . ” (Emphasis added).
The exception of no cause of action concedes, for the purpose of the trial of the exception, the correctness of the facts pleaded. Louisiana State Board of Medical Exam. v. England, 252 La. 1000, 215 So.2d 640 (1968). The appellants in their petition have alleged arbitrary and unjust actions, discrimination in the granting of free service credits, by the Orleans Parish Teachers’ Retirement System and its successor, the Teachers’ Retirement System of Louisiana. “In considering a petition against which an exception of no cause of action has been raised, every reasonable interpretation must be accorded its language in favor of maintaining the sufficiency of the petition and affording the litigant an opportunity to present his evidence.” Hero Lands Company v. Texaco, Inc., La., 310 So.2d 93, 96 (1975). The allegations contained in the appellants’ petition state a cause of action against the appellees.
For the foregoing reasons, the judgment of the District Court sustaining the appel-lees’ exception of no cause of action is reversed and the case is remanded to the District Court for further proceedings.
REVERSED AND REMANDED.